UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN HAWKINS,

        Plaintiff,                               Hon. Janet T. Neff

v.                                               Case No. 1:16-CV-83

EVERBANK MORTGAGE, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion to Remand, (ECF No. 11); Defendants' Motion to Dismiss, (ECF No. 12); Defendants' Motion to Dismiss, (ECF No. 13); and Defendants' Motion to Dismiss, (ECF No. 14). In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for resolution of dispositive motions,[1] the undersigned recommends that Plaintiff's Motion to Remand, (ECF No. 11), be **denied**; Defendants' Motion to Dismiss, (ECF No. 12), be **denied without prejudice**; Defendants' Motion to Dismiss, (ECF No. 13), be **granted in part, denied in part, and denied without prejudice in part**; Defendants' Motion to Dismiss, (ECF No. 14), be **granted**; Plaintiff's claims against Defendants Does 1-10 be **dismissed without prejudice**; and this action **terminated**.

---

[1] The Sixth Circuit has held that motions to remand are "dispositive" and, therefore "can only be entered by district courts." *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 517 (6th Cir. 2001).

**BACKGROUND**

In his complaint, Plaintiff makes the following allegations. On June 1, 2004, Plaintiff obtained ownership of property located at 1073 Alden Nash Avenue SE, Lowell, Michigan. (PageID.11). On November 21, 2013, Plaintiff "was led by Defendant [EverBank] to believe he was refinancing the original home 'loan' with Defendant [EverBank]." (PageID.12). Defendant EverBank recorded a mortgage to secure this loan. (PageID.12).

On January 15, 2015, Plaintiff, "having created sufficient doubt as to who was the real creditor with rights of enforcement and for whom the current servicer was acting," served Defendants EverBank and Potestivo with "a Notice of Dispute" requesting "SPECIFIC documentary evidence, verifying and validating their positions and claims." (PageID.12). Plaintiff instructed Defendants EverBank and Potestivo that they had thirty days to respond to his Notice of Dispute. (PageID.12). Defendants EverBank and Potestivo "dishonored Plaintiff's Request and entered a state of fault." (PageID.12).

On February 28, 2015, Plaintiff served Defendants EverBank and Potestivo with "a Notice of Fault which was also dishonored." (PageID.12, 26-27). On June 15, 2015, Plaintiff served Defendants EverBank and Potestivo with "a Second Notice of Fault." (PageID.13, 29-31). Plaintiff informed Defendants that he would "allow" them 14 days to comply with his demands. (PageID.13, 29-31).[2] Rather than "cure their fault," Defendant EverBank, on June 25, 2015, "quit claimed any and all interest it had in Plaintiff's land to [Defendant] Federal National Mortgage Association." (PageID.13). On September 5, 2015, Plaintiff, "not [yet] aware of th[is] sleight of hand," served Defendants EverBank

---

[2] These Notice of Fault documents request proof or documentation that Defendant EverBank can lawfully require payment under the terms of the loan documents Plaintiff executed.

and Potestivo with "a Notice of Default with Affidavit."[3] (PageID.14, 35-38). Defendants failed to "come forward with a rebuttal or with proof of anything." (PageID.14).

On September 5, 2015, Plaintiff served on Defendants EverBank and Potestivo "a verified Notice to Cancel Loan with Addendum in Support" which was subsequently recorded with the Kent County Recorder of Deeds. (PageID.14, 40-47).[4] On December 25, 2015, Plaintiff published in the Grand Rapids Legal News a "notice" asserting that the Sheriff's sale of his home was fraudulent. (PageID.14, 49). Plaintiff published this notice for a period of three weeks. (PageID.14).

On December 29, 2015, Plaintiff served on Defendant Federal National Mortgage Association (FNMA) copies of the aforementioned Notice of Fault, Second Notice of Fault, Notice of Default, and Notice to Cancel "to enable [FNMA] to take action against [Defendants EverBank and Potestivo] for fraudulent transfer due to [Defendant EverBank's] DOUBLE fault and stipulation that it had no rights to transfer." (PageID.15).

On or about December 29, 2015, Plaintiff initiated in state court a civil action against: (1) Everbank Mortgage; (2) Robert Clements, CEO of Everbank Mortgage; (3) Federal National Mortgage Association (FNMA); (4) Timothy Mayopoulos, CEO of Federal National Mortgage Association; (5) Potestivo and Associates; (6) Brian Potestivo; and (7) Does 1-10. (PageID.6-52).

Plaintiff advances four causes of action. Plaintiff alleges that Defendants EverBank and Potestivo committed fraud and misrepresentation with respect to "Plaintiff's loan transaction" thereby depriving Defendants of the lawful right to later transfer the property in question to FNMA. (PageID.16). Plaintiff alleges that Defendant EverBank fraudulently transferred ownership of the

---

[3] In this Notice, Plaintiff declares that he is not indebted to Defendant EverBank and that, therefore, the foreclosure of his property is illegal.

[4] In this Notice, Plaintiff seeks to rescind or cancel the aforementioned November 2013 loan.

subject property to Defendant FNMA. (PageID.17). Plaintiff alleges that Defendants EverBank and Potestivo violated the Truth in Lending Act by failing to object to his Notice to Cancel Loan. (PageID.18). Finally, Plaintiff alleges that Defendants EverBank and Potestivo violated the Fair Debt Collection Practices Act by failing to comply with Plaintiff's Notice of Dispute. (PageID.19). The named defendants timely removed the matter to this Court and now move to dismiss Plaintiff's claims. Plaintiff moves to remand the matter to state court.

## ANALYSIS

**I.       Plaintiff's Motion to Remand**

Federal district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Any action that could have *originally* been asserted in federal court may be removed from state court to federal court. *See* 28 U.S.C. § 1441(a). When examining whether the Court has subject matter jurisdiction over an action removed from state court, the original complaint controls. *See Hampton*, 683 F.3d at 711 (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (whether removal is proper is "determined by reference to the 'well-pleaded complaint.'"). In his complaint, Plaintiff alleges violations of the Truth in Lending Act and the Fair Debt Collection Practices Act both of which are enactments of federal law. The United States District Courts have original jurisdiction over claims alleging violation of either enactment. As for Plaintiff's state law claims, the Court may exercise supplemental jurisdiction over such. *See* 28 U.S.C. § 1367. Thus, Defendants properly removed Plaintiff's action to this Court.

Plaintiff's arguments to the contrary are not persuasive. First, Plaintiff argues that removal was not proper because diversity of citizenship amongst the parties is lacking. (PageID.64-65). Defendants have not removed this action on the basis of diversity jurisdiction, but have instead removed this matter based on federal question jurisdiction. Plaintiff next argues that federal question jurisdiction is not present because "there is no federal question being pursued by [his] complaint." (PageID.65). This assertion is flatly contradicted by Plaintiff's claims that Defendants violated his rights under two separate federal statutes. Plaintiff next argues that Defendants, by failing to respond to his requests to cancel his mortgage obligations, "have stipulated to a lack of standing, which denies this Court subject matter jurisdiction." (PageID.65-66). As noted above, subject matter jurisdiction is determined by reference to Plaintiff's complaint which asserts two separate causes of action arising under federal law. Thus, this Court has subject matter jurisdiction over this matter.

Finally, Plaintiff argues that Defendants' removal was improper because "Defendants' filing with this Court is procedurally defective as they have failed to file form JS44." (PageID.64). Form JS 44 is the familiar Civil Cover Sheet which often accompanies the filing of a civil action. *See* Civil Cover Sheet, available at http://www.uscourts.gov/forms/civil-forms/civil-cover-sheet (last visited on June 29, 2016). While Defendants do not appear to have completed a Civil Cover Sheet when removing the matter to this Court, such does not require or justify remand.

The Civil Cover Sheet "is not a pleading," but "is simply an administrative form for use by the Clerk's Office." *Cain v. Hyatt*, 1989 WL 17551 at *1 (E.D. Pa., Mar. 1, 1989). Form JS 44 was created "to facilitate the statistical record-keeping of the Judicial Conference." *Obert v. Republic Western Ins. Co.*, 190 F.Supp.2d 279, 287 (D.R.I. 2002). Plaintiff has identified no authority holding that the failure to utilize Form JS 44, or any similar administrative form, deprives this Court of

jurisdiction over a matter otherwise properly asserted or removed to a federal court. Furthermore, Form JS 44 is not utilized when a matter is initiated electronically, as was the case here, because the information requested by Form JS 44 is obtained via the electronic filing process. Accordingly, for the reasons articulated herein, the undersigned recommends that Plaintiff's motion to remand be **denied**.

### II.        Defendants Clements and Mayopoulos

Defendants Robert Clements and Timothy Mayopoulos move for relief on two separate grounds. Defendants first assert that dismissal of Plaintiff's claims is appropriate because the Court cannot properly exercise personal jurisdiction over them. (ECF No. 12). Defendants next assert entitlement to relief on the ground that Plaintiff's allegations fail to state a claim upon which relief may be granted. (ECF No. 13). As discussed below, the Court finds that Defendants are entitled to relief on the ground that Plaintiff's allegations fail to state a claim on which relief may be granted. As for Defendants' motion based on a lack of personal jurisdiction, the undersigned recommends that such be denied without prejudice.

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court subsequently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading"

and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

While Plaintiff names Clements and Mayopoulos as defendants in the caption of his complaint, he makes absolutely no allegations against either individual in the remainder of his complaint. (PageID.9-20). By failing to make any factual allegations against Defendants Clements or Mayopoulos, Plaintiff has failed to state a valid cause of action against either Defendant. Accordingly, the undersigned recommends that Defendants' motion to dismiss for failure to state a claim, (ECF No. 13), be **granted**. The undersigned further recommends that Defendants' motion to dismiss on personal jurisdiction grounds, (ECF No. 12), be **denied without prejudice**.

**III.**     **Defendants EverBank, FNMA, Potestivo & Associates, and Potestivo**

Defendants EverBank, FNMA, Potestivo & Associates, and Potestivo all move to dismiss Plaintiff's claims on the ground that such fail to state a claim on which relief may be granted. Defendants EverBank and FNMA also assert in a supplemental pleading that they are entitled to relief based on the results obtained in a recently concluded separate state court action. (ECF No. 25). As discussed below, the Court agrees that Plaintiff's allegations fail to state a claim on which relief may be granted. As for the argument that Plaintiff's claims are precluded by the doctrines of res judicata and collateral estoppel, the Court finds that such has not been sufficiently established and, therefore, recommends that this request for relief be denied without prejudice.

A. Res Judicata and Collateral Estoppel

Following Plaintiff's default on his mortgage, foreclosure proceedings were initiated which resulted in Plaintiff's home being sold to Defendant EverBank on June 3, 2015. (PageID.163-69). On June 25, 2015, EverBank transferred ownership of the property to Defendant FNMA via quit claim deed. (PageID.163-69, 171-72). Plaintiff failed to redeem the property by the conclusion of the statutory redemption period on December 3, 2015. (PageID.163-69). On or about December 18, 2015, FNMA initiated eviction proceedings in state court against Plaintiff. (PageID.442-43). In response, Plaintiff moved to dismiss FNMA's action on the ground that FNMA acted contrary to the Truth in Lending Act (TILA). (PageID.445-62). On May 10, 2016, the state court, by way of a one-page pre-printed form unaccompanied by any analysis, entered judgment in favor of FNMA giving it possession of the subject property. (PageID.476). Defendants assert that the claims asserted by Plaintiff in the present action are precluded given the results in the aforementioned state court eviction action.

Federal courts must afford to state court judgments the same preclusive effect as such would receive in that state's courts. *See Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816-17 (6th Cir. 2010). Under Michigan law, res judicata "is employed to prevent multiple suits litigating the same cause of action." *Washington v. Sinai Hospital of Greater Detroit*, 733 N.W.2d 755, 759 (Mich. 2007). Res judicata bars a second cause of action when: (1) the prior action was decided on the merits; (2) both actions involve the same parties or their privies; and (3) the matter in the second case was, or could have been, resolved in the first. *Id.* The related preclusion doctrine of collateral estoppel applies where: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; (3) there must be mutuality of estoppel. *See Monat v. State Farm Ins. Co.*, 677 N.W.2d 843,

845-46 (Mich. 2004). Estoppel is mutual "if the one taking advantage of the earlier adjudication would have been bound by it, had it gone against him." *Id.* at 846-47.

Defendants shoulder the burden to demonstrate the applicability of res judicata and collateral estoppel. *See Richards v. Tibaldi*, 726 N.W.2d 770, 776 (Mich. Ct. App. 2006) (res judicata); *Solomon v. Smith*, 2016 WL 594373 at *2 (Mich. Ct. App., Feb. 9, 2016) (collateral estoppel). The state court action upon which this argument rests was an eviction proceeding which sought merely to give formal effect to the already accomplished foreclosure and sale of Plaintiff's property. It is not clear to the Court that the issues asserted in the action presently before this Court could have been resolved in the state court eviction action. The Court recognizes that Plaintiff did submit in the eviction action a pleading asserting many of the same claims asserted presently. However, in light of the state court's failure to articulate any reasoning or analysis in support of its decision to grant the eviction request, the Court cannot confidently conclude that any issues extraneous to the narrow eviction claim could have been asserted, or were actually decided, in the state court eviction action. Accordingly, the undersigned recommends that to the extent Defendants seek relief on res judicata or collateral estoppel grounds that such be denied without prejudice.

    B.  Count III - Truth in Lending Act

Plaintiff alleges that Defendants EverBank, Potestivo & Associates, and Brian Potestivo violated his rights under the Truth in Lending Act (TILA). While Plaintiff's complaint is not a model of clarity, it is clear that Plaintiff's TILA claim is based on his belief that he was denied the right to rescind his mortgage. In his complaint, Plaintiff alleges:

> Pursuant to the mandate of the Truth in Lending Act and the latest unanimous ruling of the U.S. Supreme Court, in *Jesonoski* (sic) *v.*

> *Countrywide Home Loans*, with the posting of Plaintiff's Notice to Cancel Loan with Addendum on September 5, 2015, the original "loan" was cancelled.

(PageID.18).

At the outset of its opinion, the *Jesinoski* Court stated:

> The Truth in Lending Act gives borrowers the right to rescind certain loans for up to three years after the transaction is consummated. The question presented is whether a borrower exercises this right by providing written notice to his lender, or whether he must also file a lawsuit before the 3-year period elapses.

*Jesinoski v. Countrywide Home Loans, Inc.*, 135 S.Ct. 790, 791 (2015).

In resolving this question, the *Jesinoski* Court concluded:

> rescission is effected when the borrower notifies the creditor of his intention to rescind. It follows that, so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely. The statute does not also require him to sue within three years.

*Id.* at 792.

In his September 5, 2015 Notice to Cancel Loan, Plaintiff clearly seeks rescission of the loan agreement he executed in November 2013. As he provided EverBank with the requisite notice to rescind within three years of the execution of the loan in question, Plaintiff asserts that the failure by Defendants to rescind the loan, and thereby save his home from foreclosure, was unlawful. Plaintiff's argument, however, is premised upon a fundamental misunderstanding of the right of rescission articulated in TILA.

As the *Jesinoski* Court observed, TILA "grants borrowers the right to rescind a loan 'until midnight of the third business day following the consummation of the transaction or the delivery of the [disclosures required by the Act], whichever is later, by notifying the creditor, in accordance with regulations of the [Federal Reserve] Board, of his intention to do so.'" *Id.* at 792 (quoting 15 U.S.C.

§ 1635(a)). As the Court further observed, TILA also affords borrowers a three year window within which to rescind a loan, but "only if the lender failed to satisfy the Act's disclosure requirements." *Id.* at 792. TILA requires lenders to provide to borrowers the necessary disclosures "before consummation of the transaction." *See, e.g., Lea v. Buy Direct, L.L.C.*, 755 F.3d 250, 253 (5th Cir. 2014) (quoting 12 C.F.R. § 226.17(b)). Plaintiff has not alleged that Defendants failed to make the necessary disclosures prior to execution of the loan in question. Absent such an allegation, he cannot avail himself of the three-year rescission window referred to above. Accordingly, Plaintiff's allegations do not state a valid claim for relief under TILA. The undersigned recommends, therefore, that Defendants' motions to dismiss be granted as to Plaintiff's TILA claims.

        C.     Count IV - Fair Debt Collection Practices Act

Plaintiff alleges that Defendants EverBank, Potestivo & Associates, and Brian Potestivo violated his rights under the Fair Debt Collection Practices Act (FDCPA). Specifically, Plaintiff alleges that Defendants were required to cease all collection activity pending their compliance with Plaintiff's requests for "verification and validation." (PageID.19). Plaintiff concedes that Brian Potestivo of Potestivo & Associates acted as legal counsel to EverBank in this matter. (PageID.37). Plaintiff does not allege that the Potestivo Defendants acted in any other capacity than as legal counsel to Defendant EverBank.

The FDCPA, however, only applies to "debt collectors," the definition of which "does not include the consumer's creditors." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003). A "bank that is a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts." *Id.* at 699. Accordingly, Defendant

EverBank is not considered a debt collector for purposes of the FDCPA. This rationale extends to the Potestivo Defendants who were merely acting as EverBank's legal representative. *See, e.g., Lee v. Trott & Trott, P.C.*, 2013 WL 3699407 at *7 (E.D. Mich., July 12, 2013) ("attorneys who merely represent creditors. . .do not act as debt collectors under the FDCPA"). Accordingly, the undersigned recommends that Defendants' motions to dismiss be granted as to Plaintiff's FDCPA claims.

### D. Count I - Fraud and Misrepresentation

Plaintiff alleges that Defendants EverBank, FNMA, Potestivo & Associates, and Brian Potestivo committed fraud and misrepresentation in violation of Michigan law. As discussed above, Plaintiff served on Defendants EverBank and Potestivo certain Notices to which Defendants failed to respond. Plaintiff alleges that the failure to respond to these various Notices constitutes fraud and misrepresentation. Under Michigan law, claims of fraud and misrepresentation both require, among other things, that the defendant have made false representations upon which the plaintiff relied. *See, e.g., Titan Ins. Co. v. Hyten*, 817 N.W.2d 562, 567-68 (Mich. 2012) (identifying the elements of fraud); *London v. Glassford*, 2013 WL 85801 at *3 (Mich. Ct. App., Jan. 8, 2013) (identifying the elements of misrepresentation). Plaintiff has failed to allege that Defendants made any representations or that if any such representations were made he relied on such. The Court concludes, therefore, that Plaintiff has failed to state a claim for fraud or misrepresentation. Accordingly, the undersigned recommends that Defendants' motions to dismiss be granted as to these claims.

E.     Count II - Fraudulent Transfer

Finally, Plaintiff alleges that the transfer of the subject property from Defendant EverBank to Defendant FNMA was fraudulent on the ground that EverBank lacked any rights in the property which it could transfer. Thus, while not directly stated, Plaintiff is challenging the lawfulness of the Sheriff's sale pursuant to which EverBank purchased the property in question. This claim is asserted against Defendants EverBank and FNMA.

Under Michigan law, once the statutory redemption period expires, a foreclosure sale can be set aside only upon a showing of "fraud or irregularity. . .relate[d] to the foreclosure procedure itself." *Conlin v. Mortgage Electronic Registration Systems, Inc.*, 714 F.3d 355, 359-60 (6th Cir. 2013) (applying Michigan law). The plaintiff must also demonstrate that he has been prejudiced by the wrongful conduct, specifically that he "would have been in a better position to preserve [his] interest in the property absent" the wrongful conduct. *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 336-37 (Mich. 2012).

Plaintiff has failed to allege that the foreclosure proceeding was tainted by fraud or irregularity. Plaintiff has likewise failed to allege that he was prejudiced by any such fraud or irregularity. In sum, Plaintiff has failed to state a claim for fraudulent transfer. Accordingly, the undersigned recommends that Defendants' motions to dismiss be granted as to these claims.

**III.     Unserved Defendants**

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant

within 90 days after the filing of the complaint, "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the plaintiff demonstrates good cause for such failure, however, the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Plaintiff initiated this action on or about December 29, 2015, and the matter was removed to this Court on January 26, 2016. Plaintiff has yet to effect service on "Does 1-10" identified in the caption of his complaint. Plaintiff has not requested additional time to identify and effect service on these individuals. Considering Plaintiff's lack of diligence, the undersigned recommends that Plaintiff's claims against Does 1-10 be dismissed without prejudice for failure to timely effect service.

### IV.     Fees and Costs

Defendants EverBank, FNMA, Clements, and Mayopoulos also move the Court to "award Defendants their costs and attorney fees incurred in connection with bringing this Motion." (PageID.141-42). This single clause represents the entirety of Defendants argument in favor of awarding fees and costs. Defendants have cited no authority for this argument. Defendants have failed to identify their out-of-pocket costs and whether such are lawfully or reasonably compensable. Defendants have failed to articulate the time spent on this matter, the hourly rate at which they seek to be compensated, and whether such is lawfully or reasonably compensable. In light of these failures, the Court recommends that Defendants' request for fees and costs be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion to Remand, (ECF No. 11), be **denied**; Defendants' Motion to Dismiss, (ECF No. 12), be **denied without prejudice**; Defendants' Motion to Dismiss, (ECF No. 13), be **granted in part, denied in part, and denied without prejudice in part**; Defendants' Motion to Dismiss, (ECF No. 14), be **granted**; Plaintiff's claims against Defendants Does 1-10 be **dismissed without prejudice**; and this action **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  July 20, 2016    /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge