UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN HAWKINS,

    Plaintiff,

v

EVERBANK MORTGAGE, *et al.*,

    Defendants.

_____/

Case No. 1:16-cv-83

HON. JANET T. NEFF

**OPINION AND ORDER**

    Plaintiff, proceeding pro se, filed this action in state court in December 2015, challenging the foreclosure of certain real property (Dkt 1-1). Defendants removed the matter to this Court and subsequently moved to dismiss the case on three different bases (Dkts 12-14). Plaintiff moved to have the Court remand the case back to state court (Dkt 11). Plaintiff also opposed the motions to dismiss. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, Dkt 32), recommending that this Court deny Plaintiff's motion to remand and grant in part and deny in part Defendants' motions to dismiss this case. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 33), to which Defendants filed a response (Dkt 35). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. For the reasons that follow, the Court denies Plaintiff's objections and issues this Opinion and Order.

1

The Magistrate Judge recommended denial of Plaintiff's motion to remand, determining that removal was properly premised on this Court's federal-question jurisdiction and properly accomplished (R&R, Dkt 32 at PageID.554). Next, the Magistrate Judge determined that by failing to make any factual allegations against Defendants Clements or Mayopoulos, Plaintiff failed to state a valid cause of action against either Defendant (*id.* at PageID.557). As for Plaintiff's allegations against the remaining Defendants—EverBank, FNMA, Potestivo & Associates, and Potestivo, the Magistrate Judge determined that when measured against the pleading standards enunciated in *Twombly*[1] and *Iqbal*,[2] Plaintiff failed to state a claim under the Truth in Lending Act (TILA), where Plaintiff did not allege that Defendants failed to make the necessary disclosures prior to execution of the loan in question; and Plaintiff failed to state a claim under the Fair Debt Collection Practices Act (FDCPA), where Defendants are not considered debt collectors for purposes of the FDCPA (*id.* at PageID.560-562). The Magistrate Judge determined that Plaintiff failed to state a claim for fraud or misrepresentation against Defendant EverBank or Defendant FNMA, where Plaintiff failed to identify any representations, or any representations upon which he relied (*id.* at PageID.562). The Magistrate Judge determined that Plaintiff likewise failed to state a claim for fraudulent transfer where Plaintiff failed to allege that the foreclosure proceeding was tainted by fraud or irregularity or that he was prejudiced by any such fraud or irregularity (*id.* at PageID.563). Last, the Magistrate Judge recommended that Plaintiff's claims against Does 1-10 be dismissed without prejudice for Plaintiff's failure to timely effect service (*id.* at PageID.564).

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Plaintiff's objections to the Report and Recommendation fail to demonstrate any legal or factual error in the Magistrate Judge's analyses. Rather, as Defendants point out (Dkt 35 at PageID.595), Plaintiff's objections appear to be "little more than a recycled version of Plaintiff's motions to strike and the brief filed in response to Defendants' Motion to Dismiss," with "almost no reference whatsoever to the actual Report or the Magistrate Judge's analysis." Plaintiff proffers no argument that would warrant rejecting the Magistrate Judge's conclusion that his Complaint fails to state a claim upon which relief could be granted. *See* W.D. Mich. LCivR 72.3(b) (requiring an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections"). Moreover, the Court determines that in examining the motions, the Magistrate Judge carefully and thoroughly considered Plaintiff's Complaint, the pertinent legal standards and the case law relevant to his allegations therein. Therefore, the Court denies Plaintiff's objections and adopts the Report and Recommendation as the Opinion of the Court. As the Court's decision terminates this action, the Court will also enter a corresponding Judgment. *See* FED. R. CIV. P. 58.

**IT IS HEREBY ORDERED** that the Objections (Dkt 33) are DENIED and the Report and Recommendation (Dkt 32) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion to remand (Dkt 11) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Dkt 12) is DENIED WITHOUT PREJUDICE for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Dkt 13) is GRANTED IN PART, DENIED IN PART and DENIED WITHOUT PREJUDICE IN PART for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Dkt 14) is GRANTED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Does 1–10 are DISMISSED WITHOUT PREJUDICE.

Date:  August 30, 2016            /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge